IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In proceedings under |
|   Jillian Evette May | ) | Chapter 13 |
| | ) | |
| | ) | |
|   Debtor(s). | ) | Bk. No.: 17-40308 |

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
TO DEBTOR(S)' AMENDED PLAN ONE

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

    **COMES NOW,** RUSSELL C. SIMON, Chapter 13 Trustee, and files this his Objection to Confirmation of the Debtor(s) Amended Plan One and in support thereof would respectfully show unto this Court the following (only those items checked apply):

1. \_\_\_     The Debtor(s)' Plan is not feasible. [Disposable Income: $0.00 Plan Payment: $0.00]

2. \_\_\_     As of , the proposed Plan does not provide sufficient funding to pay all allowed secured/priority claims, as well as any required distribution to allowed general unsecured claims. The Trustee's plan calculation* has been emailed to counsel. [Current Base: $0.00 Estimated Minimum Req'd Base: $0.00]

3. \_\_\_     Pursuant to Form 122C-2, Line 45, the Plan must provide a minimum payment to all allowed non-priority unsecured claims of the lesser amount of $0.00 or 100%.

4. \_\_\_     The Plan proposed by the Debtor(s) fails to address the following secured and/or priority claims: .

5. \_\_\_     The Plan does not provide for payment of all of the Debtor(s)' disposable income.
    [Disposable Income on Sch. J: $0.00 Plan Payment: $0.00]

6. \_\_\_     Pursuant to 1325(a)(4), the amount necessary to pay all classes of unsecured creditors is $0.00; however, Debtor(s)' Plan only proposes to pay $0.00.

7. \_\_\_     Pursuant to the Proof of Claim filed by on , the Debtor(s) have not filed their tax returns. The Debtor(s) must provide the Trustee with evidence that these returns have been filed.

    If the Debtor(s) assert that they have filed the tax returns indicated on the tax agency's Proof of Claim as not filed, they must file an Objection to said Proof of Claim and/or otherwise have the taxing agency file an Amended Proof of Claim to set forth the correct amount of their priority debt, if any.

8. _X_   Other:  a. The Schedule J, Line 13 lists an expense of $200.00 for Entertainment, clubs, recreation, newspapers, magazines, and books. The Trustee finds this budget item to be excessive and not reasonably necessary. The Schedule J must be amended to reduce this expense from $200.00 to $100.00. Pursuant to the Agreed Order entered July 12, 2017 (document 33), the Debtor was granted 30 days in which to file the Amended Schedule J. This conflict must be resolved prior to confirmation.

b. Pursuant to the 341(a) testimony, the Debtor believed she had a garnishment from her pay after the filing of the instant case. The Trustee requests the pay advices to substantiate same. Pursuant to the Agreed Order entered July 12, 2017 (document 33), the Debtor was granted 30 days in which to provide the Trustee with the requested pay advices. This conflict must be resolved prior to confirmation.

c. The Form 2030 indicates the Debtors paid $267.00 to the attorney prior to filing. However, the Statement of Financial Affairs (#16) states $0.00 was paid. The Statement of Financial Affairs must be amended to resolve this conflict. Pursuant to the Agreed Order entered July 12, 2017 (document 33), the Debtor was granted 30 days in which to file the Amended Statement of Financial Affairs. This conflict must be resolved prior to confirmation.

d. Pursuant to the 341(a) testimony, the Debtor made payments in the amount of $1,900.00 to the creditor for her car note. The Statement of Financial Affairs must be amended to list same. Pursuant to the Agreed Order entered July 12, 2017 (document 33), the Debtor was granted 30 days in which to file the Amended Statement of Financial Affairs. This conflict must be resolved prior to confirmation.

\*The parties are advised that the plan calculation is subject to change based upon numerous factors, including, but not limited to, a change in the Trustee's percentage fee; missed or late plan payments; the filing of proof of claims in amounts substantially different from the amounts scheduled in the debtor(s)' plan; and the filing of amended proof of claims.

**WHEREFORE, PREMISES CONSIDERED,** Russell C. Simon, Chapter 13 Trustee, respectfully prays that this Court deny confirmation of the Debtor(s)' Plan, and grant him such other and further relief, both in law and in equity, to which he shows himself justly entitled.

**/s/ Russell C. Simon**
RUSSELL C. SIMON, Trustee
Chapter 13 Trustee
24 Bronze Pointe
Swansea, Illinois  62226
Telephone: (618) 277-0086
Telecopier: (618) 234-0124

Dated: July 18, 2017
SP

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Trustee's Objection to Confirmation to Debtor(s)' Amended Plan One was served on the parties listed below by ordinary U.S. Mail (with the correct postage prepaid and deposited in the U.S. Mail in Belleville, IL) or served electronically through the Court's ECF System at the email address registered with the Court on this day, Tuesday, July 18, 2017.

/s/Sandie

Jillian Evette May
908 S 26th St
Mount Vernon, IL  62864-3020


SEAN C PAUL
8917 GRAVOIS RD
ST LOUIS, MO 63123